JUDGE PRESKA

08 CV 8850

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

myTriggers.com, Inc. f/k/a myTriggers.com, L.L.C. :

    Plaintiffs,

-against-

Hartford Casualty Insurance Company

    Defendants.

**COMPLAINT**



---

Plaintiffs myTriggers.com, Inc. by its attorneys, Bruckmann & Victory, LLP and for its Complaint allege as follows:

**The Parties**

1. Plaintiff myTriggers.com, Inc., formerly known as myTriggers.com LLC (hereinafter referred to as "myTriggers.com") is Delaware corporation with its principle place of business in Ohio.

2. Defendant Hartford Casualty Insurance Company (hereinafter referred to as "Hartford") is an Indiana corporation with its principle place of business in Connecticut that is licensed to conduct business in New York.

**Jurisdiction**

3. This Court has original subject matter jurisdiction under U.S.C.A. § 1332 because the amount in controversy exceeds $75,000 and because the Plaintiff and Defendant are citizens of different states.

4. This Court has personal jurisdiction over defendant Hartford because Hartford is resident in New York, is licensed to conduct insurance business in New York and conducts business in New York.

**Venue**

5. Venue is founded on 28 U.S.C. § 1391 as Defendant, Hartford, resides in the Southern District of New York.

**General Allegations**

6. myTriggers.com is an Internet company that derives revenue from shopping websites, including websites operated by myTriggers.com

7. myTriggers.com uses servers, load balancers, hard drives, memory and power supplies (collectively "Computer Equipment"). myTriggers.com's Computer Equipment is the "lifeblood" of the company as it essentially operates the entire business and the business can not function without that Computer Equipment.

8. Hartford issued an all-risk property and equipment breakdown insurance policy, Policy #16 SBA RU5683, to myTriggers.com ("the Hartford Policy").

9. The Hartford Policy insured, *inter alia*, equipment breakdown and/or damage to myTriggers.com's Computer Equipment, as well as myTriggers.com's Business Income from that Computer Equipment.

10. The Hartford Policy was effective from March 9, 2007 – March 9, 2008.

11. In or about April 2007 myTriggers.com converted from a Delaware Limited Liability Corporation to a Delaware Corporation pursuant to Section 265 of the Delaware General Corporation law.

12. In or about April 2007, myTriggers.com moved its principle place of business from Columbus, Ohio to Redwood City, California.

13. In or about January 2008, myTriggers.com's Computer Equipment was operating in a data center or "server farm" located at 226 North Avenue, Columbus Ohio and operated by Time Warner Telecom.

14. On or about January 20, 2008, myTriggers.com's computer equipment broke down, failed and otherwise suffered damage due to excessively high temperatures from a sudden and unexpected loss of cooling capacity at the Time Warner data center. This overheating damage required repair and/or replacement of the Computer Equipment and caused other consequential loss including loss of business income.

15. Despite Time Warner's efforts to repair the cooling system and representations that the system had been repaired, a second overheating incident occurred on or about January 30, 2008. On that date, myTriggers.com's Computer Equipment again broke down, failed and otherwise suffered damage due to excessively high temperatures from a sudden and unexpected loss of cooling capacity at the Time Warner data center. This overheating damage required repair and/or replacement of the Computer Equipment and caused other consequential loss including loss of business income.

16. As a result of the January overheating incidents myTriggers.com's Computer Equipment failed to function, failed to function reliably, could not be relied upon, and lost commercial value. The Computer Equipment's most essential function for myTriggers.com's website operations — consistent, reliable operation, was irretrievably degraded and/or lost.

17. myTriggers.com promptly notified Hartford of the January 20 and January 30 Computer Equipment overheating damage on February 7, 2008.

18. The January overheating incidents, and Time Warner's apparent inability to fix the cooling system to ensure continued effective cooling, caused myTriggers.com to reasonably conclude that another data center location was necessary to avoid further damage to the Computer Equipment and to ensure continued business operations.

19. During late February 2008 through early March 2008, myTrigggers.com relocated its Computer Equipment to another data center, Data Center 101, in Columbus Ohio.

20. myTriggers.com performed temporary repairs to the Computer Equipment and scaled down its business operations to at least continue limited operations at the new data center.

21. During February 2008 the Hartford hired a computer consultant LWG Consulting, Inc. (hereinafter referred to as "LWG").

22. Hartford had the opportunity to inspect the damaged Computer Equipment and did so by sending their computer consultant, LWG, to myTriggers.com's data center on or about April 3, 2008.

23. On or about May 16, 2008 myTriggers.com submitted a sworn statement in proof of loss for damage to the Computer Equipment, relocation expense, extra expense and business income loss.

24. myTriggers.com's proof of loss advised Hartford, *inter alia*, that the Computer Equipment could not be repaired or restored to its prior capacity and functionality and that the cost to replace the Computer Equipment damaged by the January overheating

incidents exceeded $400,000. The proof of loss further advised Hartford that myTriggers.com could not replace the Computer Equipment to resume normal business operations without insurance proceeds.

25. myTriggers.com continues to operate its scaled-down business with a portion of the damaged Computer Equipment because myTriggers.com does not have the ability to replace the Computer Equipment, without insurance proceeds.

26. myTriggers.com has complied with all policy terms and conditions.

27. As of October 15, 2008, more than seven months after the initial loss notice and almost five months after proof of loss submission, Hartford has failed to complete its investigation, failed to provide myTriggers.com a coverage decision and failed to provide any insurance proceeds to myTriggers.com.

28. At the time of the January overheating incidents and for a period thereafter, myTriggers.com was a California domiciliary with its principal place of business in California. myTriggers.com's California office was most impacted by the loss and the Hartford's unreasonable delay and denial of insurance proceeds and California therefore has the most significant relationship with this dispute.

29. California law applies to the claims alleged herein.

## First Cause of Action
### (Breach of Contract)

30. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 29 as if fully set forth at length herein.

31. Hartford provided insurance Policy #16 SBA RU5683 to myTriggers.com for the period March 9, 2007 – March 9, 2008.

32. At the time of the January 2008 overheating incidents, the Hartford policy was in full force and effect.

33. The Hartford Policy covers myTriggers.com's Computer Equipment as covered property.

34. The Hartford Policy covers the perils of high temperatures and Equipment Breakdown.

35. The January overheating incidents caused physical loss of, or damage to myTriggers.com's Computer Equipment that is covered by Hartford's policy.

36. The January overheating incidents resulted in Equipment Breakdown to myTriggers.com's Computer Equipment that is covered by Hartford's policy.

37. The January overheating incidents caused damages to myTriggers.com's Computer Equipment in an amount to be determined but not less than $400,000.

38. As a result of the January overheating incidents myTriggers.com incurred loss damage and expenses for: loss mitigation, temporary repairs, relocation, business-scale down, extra expense, business income, and other consequential losses in an amount to be determined but not less than $1,000,000.

39. myTriggers.com has satisfied all Policy conditions.

40. On October 10, 2008 the Hartford provided myTriggers.com with a copy of LWG's interim report, dated October 10, 2008, concerning LWG's testing of some of myTriggers'com's computer equipment.  Specifically, LWG tested twenty-two (22) servers and ten (10) devices.

41.  As a result of LWG's interim report, the Hartford reached a "final opinion" that there was no evidence of any physical damage, caused by the two January overheating incidents, to the tested equipment to date.

42.  Despite the occurrence of a covered loss, myTriggers.com's compliance with all Policy requirements and conditions, and myTriggers.com's due demand, The Hartford has not paid any insurance proceeds to myTriggers.com.

43.  As a result of Hartford's breach of contract, myTriggers.com suffered damages in an amount to be determined but not less than $1,400,000.

## Second Cause of Action
## (Bad Faith)

44.  Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs 1 through 43 as if fully set forth at length herein.

45.  Hartford has engaged in unfair and/or deceptive acts or practices in the business of insurance, breached California insurance company regulations for prompt and fair claims handling, and otherwise acted in bad faith including the following:

- Failing to acknowledge and act reasonably promptly upon communications with respect to myTtriggers.com's claims;

- Failing to adopt and implement reasonable standards for the prompt investigation and processing of myTriggers.com's claim;

- Failing to affirm or deny myTriggers.com's claim within a reasonable time;

- Failing to affirm or deny myTriggers.com's claim within a reasonable time after liability became reasonably clear;

7

- Not attempting in good faith to effectuate prompt, fair, and equitable settlements of myTriggers.com's claim, when liability became reasonably clear;

- Delaying the investigation and payment myTriggers.com's claim by requiring myTriggers.com to submit a formal proof of loss form and respond to numerous requests for substantially the same information;

- Insisting upon receipt of immaterial information from myTriggers.com before Hartford would make a coverage determination;

- Failing to conduct a prompt, reasonable and objective claim investigation;

- Misrepresenting facts that are material to myTriggers.com's claim;

- Misrepresenting the policy terms and conditions to myTriggers.com;

46. Hartford's unreasonable investigation, delay and refusal to accept coverage caused damages to myTriggers.com in the form of lost income, lost opportunities, increased costs and expense, including attorney fees and other costs, damage, interest and expense in an amount to be determined but not less than $2,000,000.

**WHEREFORE,** the plaintiffs demand judgment to be entered against defendant Hartford Casualty Insurance Company for damages in excess of $3,400,000, reasonable attorney fees, pre-judgment interest, post-judgment interest, costs and such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: New York, New York
       October 15, 2008

Respectfully submitted,

*[signature: Mark Bruckmann]*

BRUCKMANN & VICTORY, LLP
Mark F. Bruckmann – MFB 7788
Attorneys for Plaintiffs
420 Lexington Avenue, Suite 1621
New York, NY 10170
(212) 850-8500