UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYTRIGGERS.COM, INC. F/K/A
MYTRIGGERS.COM, LLC

        PLAINTIFFS,

   V.

HARTFORD CASUALTY INSURANCE COMPANY

        DEFENDANT.

CASE NO.  08 CV 8850

JUDGE PRESKA (LAP)

MAGISTRATE JUDGE PITMAN (HP)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER VENUE IN LIEU OF ANSWER**

---

RESPECTFULLY SUBMITTED,

DANA R. LUTHER, ESQ. (DL1833)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
600 VINE STREET, SUITE 2600
CINCINNATI, OHIO  45202
(513) 579-0080
(513) 579-0222 - FAX
DLUTHER@SMITHROLFES.COM
ATTORNEY FOR DEFENDANT



SMITH, ROLFES
& SKAVDAHL
COMPANY LPA

CINCINNATI
600 Vine Street • Suite 2600
Cincinnati, Ohio 45202
(513) 579-0080

COLUMBUS
50 W. Broad Street • Suite 3400
Columbus, Ohio 43215
(614) 469-7130

DETROIT
39555 Orchard Hill Place • Suite 600
Novi, Michigan 48375
(248) 374-5020

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................i-ii

I. PRELIMINARY STATEMENT.................................................................... 1

II. INTRODUCTION.........................................................................................2

    A. Operative Facts...................................................................................2

    B. The Investigation and The Hartford's September 11, 2008
       Declaratory Judgment Action.......................................................4

III. LAW AND ARGUMENT FOR DISMISSAL OR IN THE ALTERNATIVE
    TRANSFER OF VENUE TO THE SOUTHERN DISTRICT OF OHIO,
    EASTERN DIVISION.......................................................................5

    A. ABSTENTION IS APPLICABLE AND SHOULD BE
       APPLIED FOR THE SAKE OF JUDICIAL ECONOMY............................5

    B. DISMISSAL OF THE LATER FILED NEW YORK FEDERAL ACTION IS
       NECESSARY UNDER EACH OF THE *COLORADO RIVER* FACTORS..................7

    C. MYTRIGGERS.COM, INC.'S BREACH OF CONTRACT AND BAD FAITH
       CLAIMS ARE COMPULSORY COUNTER CLAIMS AND SHOULD BE
       DISMISSED. ...................................................................................9

    D. MYTRIGGERS.COM, INC. WAIVED ITS RIGHT TO
       FEDERAL JURISDICTION BY FAILING TO ASSERT THE
       COUNTER CLAIM IN THE STATE ACTION. .......................................12

    E. IF THIS COURT SHOULD FIND DISMISSAL IS INAPPROPRIATE,
       THE HARTFORD WOULD ALTERNATIVELY REQUEST
       THIS CASE BE TRANSFERRED TO THE SOUTHERN DISTRICT
       OF OHIO, EASTERN DIVISION, PURSUANT TO 28 USC § 1404.....................13

        1.This action could have been brought in the district in which
          The Hartford seeks to have it transferred................................14

        2.The convenience of parties and witnesses, and
          interest of justice favor transfer to Ohio...................................15

IV. CONCLUSION....................................................................................20

## TABLE OF AUTHORITIES

### Cases:

*Adam v. Jacobs*, 950 F.2d 89, (2d Cir. 1991)................................................................9

*Arkwright-Boston, Mfrs. Mut. Ins. Co. v. City of New York*,
762 F.2d 205, 210 (2d. Cir. 1985)....................................................................6, 7

*Baker v. Goldseal Liquors, Inc.* 4017 U.S. 467 (1974)...................................................9, 10

*Burnett v. Physicians Online, Inc.*, 99 F.3d 72 (2d Cir. 1996)............................................5

*Colelli & Associates v. Cincinnati Ins. Co.*, 2004-Ohio-6924 (2004)....................................12

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).....................5,6

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)...........................................14, 15

*Department of Treasury v. Fabe*, 508 U.S. 491 (1993).................................................9, 18

*Di Meglio v. Italia Crociere Internazionale*, 502 F. Supp. 316 (S.D.N.Y. 1980)........................13

*EMS Indus. Corp. v. Accia Speciali Terni U.S.A., Inc.*, 2000 U.S. Dist. Lexis 762 (S.D.N.Y. 2000)..............6

*Harris v. Steinem*, 571 F.2d 119 (2d Cir. 1978).......................................................10

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)............................5, 7

*Nabisco, Inc. v. Brach's Confections, Inc.*, 2000 U.S. Dist. LEXIS 16168 (S.D.N.Y. Nov. 8, 2000)............14

*North American Foreign Trading Corp. v. Conley Assoc., Inc.*
1979 U.S. Dist. LEXIS 12083 (S.D.N.Y. 1979).....................................................10

*Osborne Co. v. Ohio Dept. of Adm. Serv.*, 80 Ohio App.3d 205 (1992).................................9, 10

*Reeder v. Yamaha Motor Corp.*, 1992 U.S. Dist. LEXIS 18263 (S.D.N.Y. 1992)...........................19

*Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230 (9th Cir. 1994)...........................12

*Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St. 3d 374 (1994).......................................9, 10

*Student Advantage, Inc. v. International Student Exchange Cards, Inc.*, 2000 U.S. Dist. LEXIS 13138
(S.D.N.Y. 2000)..................................................................................18

**Statutes:**

28 U.S.C. § 1441.................................................................................................................13
28 U.S.C. § 1446.................................................................................................................13
28 U.S.C. § 1404) ...............................................................................................................13

**Rules:**

Federal Rule of Civil Procedure 13(A).........................................................................10

Ohio Rule of Civil Procedure 13 (A) ...........................................................................10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYTRIGGERS.COM, INC. F/K/A<br>MYTRIGGERS.COM, LLC | CASE NO.  08 CV 8850 |
| PLAINTIFFS, | JUDGE PRESKA (LAP) |
| V. | MAGISTRATE JUDGE PITMAN (HP) |
| HARTFORD CASUALTY INSURANCE COMPANY | |
| DEFENDANT. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER VENUE IN LIEU OF ANSWER**

---

Defendant, Hartford Casualty Insurance Company (Hereinafter The Hartford) submits this
Memorandum of Law in support of its Motion to Dismiss, or in the alternative, to Transfer Venue pursuant to
28 U.S.C. § 1404(a).  The Hartford respectfully requests this lawsuit be dismissed, or in the alternative
transferred to the Southern District of Ohio, Eastern Division for the convenience of the parties, witnesses
and in the interest of justice.

I.     **PRELIMINARY STATEMENT**

Plaintiff, myTriggers.com, Inc. is a Delaware Corporation with its principal place of business in
Columbus, Ohio.  myTriggers.com, LLC is an insured under a policy of insurance with The Hartford.  In
January 2008, myTriggers.com, Inc. claims they sustained damage to their computer equipment, all of
which was located in Columbus, Ohio.  This alleged damage caused myTriggers.com, Inc. to submit claims
for property damage and business interruption with The Hartford.   As a result of the claims,
myTriggers.com, Inc. filed this action alleging Breach of Contract and Bad Faith seeking to apply California
law.  Prior to the filing of this action, The Hartford filed a Declaratory Judgment action in the Franklin

1

County Court of Common Pleas, Columbus, Ohio which is currently pending.  The purpose of the Declaratory Judgment action is to obtain assistance from the court with regard to myTriggers.com, Inc.'s obligations under the policy of insurance.  The Franklin County court has exercised its jurisdiction, having entered a discovery scheduling order and conducting a hearing on the merits.  The parties have filed a number of motions.  At no time did myTriggers.com contest jurisdiction in Ohio. In the New York federal action myTriggers.com has not pled any additional facts or circumstances to suggest that the New York forum is more appropriate.  Based upon the foregoing facts and circumstances, The Hartford requests this Court to dismiss myTriggers.com, Inc.'s claims based upon abstention, failure to bring compulsory counter claims in the previously filed suit and waiver.  Alternatively, The Hartford requests this Court to transfer this case to the Southern District of Ohio, Eastern Division for the convenience of the parties, witnesses and in the interest of justice.

II.    **INTRODUCTION**

   **A. Operative Facts**

   The Hartford's insured, myTriggers.com, LLC, is an internet company which operates comparison shopping websites.[1]   myTriggers.com, LLC was formed on April 19, 2005 as a Delaware limited liability company with a principal place of business in Ohio.[2]   The Hartford issued an insurance policy to myTriggers.com, LLC, bearing policy number 16 SBA RU 5683 (Hereinafter The Hartford Policy), covering myTriggers.com, LLC's Columbus, Ohio locations.[3]  In April 2007, myTriggers.com, LLC converted from a limited liability company to a corporation.[4]  myTriggers.com, LLC is now known as myTriggers.com, Inc. (Hereinafter myTriggers.com).[5]  Despite the conversion from a limited liability company to a Delaware

---

[1] myTriggers.com, Inc.'s Complaint at ¶ 6
[2] See Luther Decl. Ex. A and myTriggers.com, Inc.'s Complaint at ¶ 6
[3] See Luther Decl. Ex. B
[4] See Luther Decl. Ex. A and C
[5] *Id.*

Corporation, at the time of the alleged losses, The Hartford policy still named as the insured, "MYTRIGGERS.COM LLC" with a mailing address of 240 North Fifth Street, Columbus, Ohio 43215.[6]

In addition to myTriggers.com's Columbus, Ohio mailing address noted in the policy, myTriggers.com had an additional location, 226 North Avenue, Columbus, Ohio, which was leased from Time Warner Telecom.[7]  The 226 North Avenue, Columbus, Ohio space was used to house and operate myTriggers.com's computer, server and other equipment and was the location where employees responsible for server, computer maintenance and troubleshooting were housed.[8]

On January 19, 2008, the Time Warner cooling system allegedly failed causing the ambient temperature of the room, where myTriggers.com's equipment was located, to rise above the recommended temperature exposure for the servers and other computer equipment.[9]  myTriggers.com alleges Time Warner Telecom tried to fix the problem but a second failure took place on January 30, 2008 at which time the ambient temperature of the room again rose above the recommended temperature exposure for their computer equipment.[10]  These incidents allegedly caused physical damage to the servers and other computer equipment owned by myTriggers.com at the Columbus, Ohio location.[11]  Specifically, myTriggers.com alleges their computer equipment is now "unreliable".[12]  The allegedly damaged computer equipment includes more than twenty two (22) servers and other equipment.[13]  myTriggers.com also alleges the damage to the equipment caused added expenses and loss of revenue.[14]

---

[6] See Luther Decl. Ex. B
[7] See Luther Decl. Ex. D at p. 4
[8] *Id*. 4 and 10
[9] *Id*. at p. 10 - 14
[10] *Id*.
[11] *Id*. at 5
[12] *Id*.
[13] *Id*. at 18 - 21
[14] *Id*. at 6 - 7

### B. The Investigation and The Hartford's September 11, 2008 Declaratory Judgment Action

myTriggers.com reported the claims on February 7, 2008, eighteen days after the first alleged loss and The Hartford commenced its investigation.[15]   The Hartford retained LWG Consulting, a Columbus, Ohio computer consulting firm to inspect and test myTriggers.com's alleged damaged equipment located in Columbus, Ohio.[16]  myTriggers.com hired their own local computer consulting firm, Franklin Computers, to investigate their alleged damages.[17]

Throughout the investigation, disputes arose regarding certain policy provisions and their application to myTriggers.com's alleged losses.[18]  As a result, The Hartford filed a Declaratory Judgment action in the Franklin County Court of Common Pleas, Columbus, Ohio.[19]   The Hartford sought a declaration that: 1. myTriggers.com is required under the policy of insurance to submit a final proof of claim; 2. myTriggers.com is required under the policy to proffer all their allegedly damaged equipment for testing and inspection; and 3. the appraisal provision under the policy of insurance is only applicable when there is a dispute as to an amount of loss and none exists.[20]  The Hartford filed the action on the aforementioned issues so a full and complete investigation of myTriggers.com's claims could be completed.  In addition to a declaratory judgment ruling, The Hartford sought a Temporary, Preliminary and Permanent injunction to enjoin myTriggers.com from moving forward with an appraisal.  The case was assigned to Judge Sheeran who issued a Case Scheduling Order.[21]

myTriggers.com filed a response to The Hartford's motion for injunctive relief stating the investigation had revealed a dispute as to an amount of loss, appraisal was appropriate because of the dispute and injunctive relief is not warranted.  In Reply, The Hartford argued no dispute existed because

---

[15] myTriggers.com, Inc.'s Complaint at ¶ 17, 21
[16] See Luther Decl. Ex. E and myTriggers.com, Inc.'s Complaint at ¶ 21
[17]See Luther Decl. Ex. D at p. 25 - 26
[18] See Luther Decl. Ex. F
[19] *Id.*
[20] *Id.* at ¶ 25, 30 and 35
[21] See Luther Decl. Ex. G

myTriggers.com had not submitted a final proof of claim.  On October 14, 2008, Judge Sheeran held a hearing on the motions for injunctive relief and denied The Hartford's request.[22]  In response, on October 15, 2008, myTriggers.com filed the New York action.[23]  Then, on October 16, 2008, myTriggers.com filed its Answer to the Ohio state action.[24]  myTriggers.com, Inc. raised no counter claims.[25]

III.    **LAW AND ARGUMENT FOR DISMISSAL OR IN THE ALTERNATIVE TRANSFER OF VENUE TO THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION.**

A.    **ABSTENTION IS APPLICABLE AND SHOULD BE APPLIED FOR THE SAKE OF JUDICIAL ECONOMY**

As a general premise, "federal courts have a "virtually unflagging obligation 'to exercise their jurisdiction.'"[26]  Nonetheless, it is within the discretion of a district court to abstain from their exercise of jurisdiction over an action, by either dismissing the claims or staying the action, where a concurrent state proceeding is pending based upon "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"[27]

To determine whether abstention is appropriate under *Colorado River*, the court is to balance six relevant areas of inquiry:

1)  The assumption of jurisdiction over a *res* or property;
2)  The inconvenience of the federal forum;
3)  The desirability of avoiding piecemeal litigation;
4)  The order in which the concurrent forums attained a jurisdiction;
5)  The source of the applicable law; and
6)  The adequacy of procedures in the state court to protect the federal plaintiff's rights.[28]

---

[22] See Luther Decl. Ex. H
[23] See myTriggers.com, Inc.'s Complaint
[24] See Luther Decl. Ex. I
[25] See *Id.*
[26] *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).
[27] *Id.*
[28] See *Burnett v. Physicians Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996).  (Citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 818 and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Bethlehem Contracting, Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986).

It is necessary to note, however, no one factor is determinative of whether abstention is appropriate.[29]  Ultimately, a district court is obliged to balance the applicable interest and factors, but the decision to abstain is within the sound discretion of the district court.[30]

In a factually similar case, Judge Robert W. Sweet of the Southern District of New York, determined this court should abstain from federal jurisdiction based upon the balancing of factors from *Colorado River* and dismissed the case.[31]  In that case, *Accia Speciali Terni, U.S.A., Inc.* ("AST") filed a Declaratory Judgment action against *EMS Indus. Corp.* in New York State Court.  After the Complaint was filed in the New York State Court, *EMS* filed suit in the Southern District of New York, less than one month later.  Based upon the filing of the federal court complaint, AST filed a motion to dismiss or stay the pending federal court action based upon the *Colorado River* factors.  After balancing the *Colorado River* factors, the court found:

> 1) allowing plaintiff's suit to continue would lead to piecemeal litigation given the same facts and circumstances are being litigated in the state court case;
>
> 2) Plaintiff's could assert its claim as counter claims in the state action;
>
> 3) the state court action was filed first and federal law is not applicable; and
>
> 4) New York state courts have adequate procedures to protect the plaintiff's rights. [32]

Ultimately, the court found the third prong of the *Colorado River* factors, dealing with piecemeal litigation, to be the most significant factor.[33]  The court concluded allowing plaintiff's suit to continue in federal court where substantially the same operative facts are at issue would lead to piecemeal litigation and duplicative efforts.

The Supreme Court has acknowledged the most important factor in its decision to approve the dismissal of the *Colorado River* action was the "clear federal policy...[of] avoidance of piecemeal

---

[29] See *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).

[30] See *Arkwright-Boston, Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 210 (2d Cir. 1985).

[31] *EMS Indus. Corp. v. Accia Speciali Terni U.S.A., Inc.,* 2000 U.S. Dist. Lexis 762 at *3-*4 (S.D.N.Y. 2000)

[32] See *Id.*

[33] *Id.* at *9

6

adjudication.'"[34]    Furthermore, the Court in *Arkwright-Boston* stated "as the suits all arise out of the [same set of facts], they should be tried in one forum.    Maintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort.    Plainly, avoidance of piecemeal litigation is best served by leaving these suits in the state court."[35]

### B.    DISMISSAL OF THE LATER FILED NEW YORK FEDERAL ACTION IS NECESSARY UNDER EACH OF THE *COLORADO RIVER* FACTORS

Consideration of the *Colorado River* factors to the present action should yield one result; dismissal of this case.    First, the assumption of jurisdiction over *res* or property is not relevant and not at issue. However, with respect to the second factor, the present federal forum is inconvenient for many reasons. The Southern District of New York has virtually no ties to the facts or circumstances relevant to myTriggers.com, Inc.'s alleged losses.    Indeed it would appear that the only nexus to this federal forum is the location of myTriggers.com's Counsel.

Permitting myTriggers.com's case to proceed in the Southern District of New York would be burdensome to the convenience of witnesses, the location of the evidentiary material relevant to the adjudication of the claims, and the loss location all of which are in Columbus, Ohio.    It is undisputed that the insured's principle place of business as well as the actual loss location is in Ohio.    To the best of The Hartford's knowledge, all the allegedly damaged equipment still remains in Ohio.    Finally, both The Hartford's and myTriggers.com's experts, LWG Consulting and Franklin Computers, are located in Ohio. Evidence of and opinions related to the damaged equipment are found in Ohio.

In the complaint, filed in the Franklin County Court of Common Pleas, The Hartford asked the Court for specific guidance and relief relative to myTriggers.com obligations under the policy of insurance. Specifically, that: 1. myTriggers.com is required under the policy of insurance to submit a final proof of claim, 2. myTriggers.com is required under the policy to proffer all their allegedly damaged equipment for

---

[34] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)
[35] *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 218 (2d Cir. 1985).

testing and inspection and 3. the appraisal provision under the policy of insurance is only applicable when there is a dispute as to an amount of loss and no such dispute yet exists.[36]   In order to render a determination regarding the aforementioned, Judge Sheeran, presiding Judge of the Ohio action, will be required to interpret the policy of insurance issued to myTriggers.com and take into consideration the facts and circumstances surrounding myTriggers.com presentation of its claims as well as The Hartford's investigation.  This is the same Hartford policy which myTriggers.com is now alleging was breached and is the basis of their purported "Bad Faith" allegation.   Additionally, the same facts and circumstances, although in dispute, are required to be considered in the Court's analysis of the action.  As a result, should this case continue both Courts will be reviewing and interpreting the same policy of insurance and taking into consideration the same facts and circumstances.  This would result in a clear example of piecemeal litigation.

The fourth factor- the order in which the concurrent forums attained jurisdiction- is not open to question.  The Hartford filed its Complaint for Declaratory Judgment action in the Franklin County Court of Common Pleas on September 11, 2008.  Since that time, the Complaint has been served, a scheduling order was issued and an injunctive relief hearing has been held before the Court.   Furthermore, myTriggers.com, answered the Franklin County Court of Common Pleas action one day after the filing of this action.  myTriggers.com failed to include the Bad Faith and Breach of Contract allegations in their answer.  Although the opportunity was available to include these allegations as counter claims they did not and as a result waived their right to federal jurisdiction.[37]   Nonetheless, the Franklin County Court of Common Pleas case was filed first and significant action has been taken since its filing.

Finally, application of the last two of the six *Colorado* River factors to the facts of this case strongly suggests there is no federal law that applies and Ohio law will govern. Since the McCarran-Ferguson Act precludes application of a federal statute to the regulation of insurance and neither party is alleging federal

---

[36] See Luther Decl. Ex. F

law applies, it is undisputed federal law does not apply.[38]  It appears that myTriggers.com is arguing for application of California law within the New York forum.  The Hartford has and will continue to take the position Ohio law governs all disputes between the parties.  Based upon the location of the loss, the location of the evidence, the location of the witnesses to the loss, and the address of the named insured on the policy of insurance The Hartford does not believe there should be any question Ohio law applies.  If this Court were to accept jurisdiction, it will need to determine what law is applicable to the claims.  With that said, the Franklin County Court of Common Pleas would be in a better position to interpret their own law, if Ohio law is determined to apply.  Nonetheless, should California law be found to apply, either court would be in the same position, rendering a decision based upon foreign law.

Finally, the Franklin County Court of Common Pleas would provide the same rights and similar procedures for the protection for myTriggers.com, Inc.

Based upon the foregoing analysis, all of the *Colorado River* factors establish that this court has a reasonable basis to abstain from the pending action.  Consistent with *EMS Indus. Corp. v. Accia Speciali Terni U.S.A., Inc.*, The Hartford respectfully requests this Court to dismiss myTriggers.com's complaint for Breach of Contract and Bad Faith.

### C.    MYTRIGGERS.COM, INC.'S BREACH OF CONTRACT AND BAD FAITH CLAIMS ARE COMPULSORY COUNTER CLAIMS AND SHOULD BE DISMISSED.

A claim is compulsory if "a logical relationship exists between the claim and the counter claim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one suit."[39]  Additionally, if a party has a compulsory counter claim and fails to plead it, the claim cannot be raised in a subsequent lawsuit.[40]  Compulsory Counter

---

[37] See myTriggers.com, Inc.'s Complaint and Section B and C of this Memorandum of Law.

[38] See *Department of Treasury v. Fabe*, 508 U.S. 491, 501 (1993).

[39] *Adam v. Jacobs*, 950 F.2d 89, 92 (2d. cir. 1991); See also *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St. 3d 374 (1994).

[40] See e.g. *Baker v. Goldseal Liquors, Inc.* 4017 U.S. 467, 469 (1974); See also *Osborne Co. v. Ohio Dept. of Adm. Serv.*, 80 Ohio App.3d 205 (1992).

claims are governed by Federal Rule of Civil Procedure 13(A) which requires a party to "state as a counter-claim any claim that - at the time of service - the pleader, has against any opposing party if the claim: (A) arises out of the transaction occurrence that is the subject matter of the opposing parties claim and (B) does not require adding another party over whom the court cannot acquire jurisdiction."[41]  If a counter claim is not pled however, the counter claim is barred from being raised in subsequent litigation.[42]

With the aforementioned in mind, "a party may not maintain a lawsuit based on a claim that is compulsory counter claim of a previously filed action regardless of whether the prior litigation has yet proceeded to judgment."[43]  To determine whether a counter claim arises from the same transaction or occurrence, the courts look for a "logical relationship" between the claims.[44]  Additionally, after viewing the relationship, "[i]f consideration of fairness and judicial economy dictate that the issues should be resolved in the same lawsuit, the claims will be deemed compulsory counter claims."[45]

In *North American Foreign Trading Corp. v. Conley Assoc., Inc.* the United States District Court for the Southern District of New York granted Edward Conley Associates, Inc.'s Motion to Dismiss North American Foreign Trading Corp's ("NAFT") Complaint based upon their failure to properly state compulsory counter claims in the previously filed action.  Prior to the filing of NAFT's complaint, Conley filed a complaint in Pennsylvania Federal Court alleging NAFT refused to accept return of unmerchantable products.  NAFT brought this suit against J. Edward Conley Associates, Inc. alleging a variety of business torts stemming from the same facts and circumstances relevant to the suit filed in the Pennsylvania Federal Court.  Upon

---

[41] Federal Rule of Civil Procedure 13(A); See also Ohio Rule of Civil Procedure 13 (A)
[42] *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 (1974).; See also *Osborne Co. v. Ohio Dept. of Adm. Serv.*, 80 Ohio App.3d 205 (1992).
[43] *North American Foreign Trading Corp. v. Conley Assoc., Inc.* 1979 U.S. Dist. LEXIS 12083 at * 4 (S.D.N.Y 1979)
[44] *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).  See also *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St. 3d 374 (1994).
[45] *North American Foreign Trading Corp. v. Conley Assoc., Inc.* 1979 U.S. Dist. LEXIS 12083 *at *5;* See also *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St. 3d 374 (1994).

the filing of the lawsuit, Conley moved to dismiss the complaint among other requests for relief. Conley asserted the original Pennsylvania suit was commenced first and involves substantially the same transaction at issue in this case. Based upon this, Conley argued the claims must be asserted as compulsory counter claims in the Pennsylvania action. The Court found that the claims asserted by the NAFT were compulsory counter claims to the action filed in Pennsylvania. As a result, the complaint was dismissed without prejudice.

In the present action, The Hartford filed a Complaint for Declaratory Relief in the Franklin County Court of Common Pleas, Columbus, Ohio, asking the court to interpret several provisions of the policy of insurance issued by The Hartford to myTriggers.com. The Hartford's Complaint will require Judge Sheeran of the Franklin County Court of Common Pleas to review and interpret the same insurance policy which is the basis for the Breach of Contract and Bad Faith allegations made by myTriggers.com, Inc. in this case. Additionally, while a dispute remains regarding several facts and findings, a review of each complaint shows, myTriggers.com and The Hartford plead similar facts which support the basis for their suits. As such, myTriggers.com's claims arise out of the same transaction and occurrence as The Hartford's suit in Franklin County Court of Common Pleas.

Additionally, after myTriggers.com filed this lawsuit, myTriggers.com, Inc. filed its Answer to the Declaratory Judgment Complaint in the Franklin County Court of Common Pleas, Columbus, Ohio. The Answer failed to raise either Breach of Contract or Bad Faith counterclaims. Notwithstanding, myTriggers.com was well aware of these theories as evidenced by the New York filing one day earlier. While The Hartford can only speculate as to the reasons why myTriggers.com, Inc. would chose the New York forum, what is clear is myTriggers.com, Inc. failed to plead their compulsory counter claims in their Answer to the Franklin County Court of Common Pleas case, despite having knowledge of these counter claims prior to filing their Answer. Therefore, consistent with *North American Foreign Trading Corp. v.*

11

*Conley Assoc., Inc.* The Hartford requests the New York action be dismissed as all claims made were compulsory counter claims to the Ohio state proceeding.

If this Court should find appropriate the application of State law for this analysis, Ohio law applies. Ohio is the location of the loss, the location of myTriggers.com's current principle place of business, the location of the personnel who responded to the loss, the location of the allegedly damaged equipment and is the location stated as myTriggers.com's mailing address on their policy of insurance. However, regardless of whether Ohio law or Federal law is applied the same result would be found, the Bad Faith and Breach of Contract allegations are compulsory counter claims.[46]

### D.    MYTRIGGERS.COM, INC. WAIVED ITS RIGHT TO FEDERAL JURISDICTION BY FAILING TO ASSERT THE COUNTER CLAIM IN THE STATE ACTION.

It is well established that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."[47] By filing in New York, myTriggers.com is engaged in forum shopping. This is all the more egregious where myTriggers.com already consented to the jurisdiction of the prior Ohio state forum. Rather than seek removal to Ohio Federal court after filing their compulsory counter claims, myTriggers.com asks this Court for another bite at the apple. The Hartford should not be penalized for myTriggers.com's failure to properly plead and litigate its claims. If this Court finds myTriggers.com failed to state their compulsory counter claim, they also waived their right for removal. Removal of a civil lawsuit filed in a State court is appropriate where federal district courts have original jurisdiction, then may be removed by the defendant to the federal district court for the district and division where the State action was filed.[48] If removal is sought, the notice of removal "shall be filed within thirty days" after service of the initial pleading or after the service of summons "if such initial pleading has then been filed in court and is not required to be served on the

---

[46] *Colelli & Associates v. Cincinnati Ins. Co.*, 2004-Ohio-6924 (2004).
[47] *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)

defendant, whichever period is shorter."[49]  If notice of removal is not made within the requisite time period

the right to removal is waived.[50]

myTriggers.com is a Delaware Corporation with its principle place of business in Ohio.  The

Hartford is an Indiana Corporation with its principle place of business in Connecticut.  Additionally, the

counter claims assert amounts in excess of Seventy-Five Thousand Dollars ($75,000.00).   If the counter

claims had been asserted, Diversity jurisdiction would have existed enabling myTriggers.com to remove the

case to the federal court.  Yet, despite having knowledge of these counter claims prior to the filing of the

Ohio Answer, myTriggers.com failed to plead and then filed the present action.  By failing to assert the

compulsory counter claims, for which myTriggers.com had prior knowledge, myTriggers.com has waived

their right to redress these issues in federal court.  Therefore, The Hartford requests this court dismiss this

case as myTriggers.com has waived their right to federal jurisdiction.

> E.    **IF THIS COURT FINDS DISMISSAL IS INAPPROPRIATE, THE HARTFORD WOULD ALTERNATIVELY REQUEST THIS CASE BE TRANSFERRED TO THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION, PURSUANT TO 28 USC § 1404.**

If this Court finds the *Colorado River* factors do not favor abstention and that the claims submitted

by myTriggers.com, Inc. are not compulsory, The Hartford requests transfer of venue pursuant to 28 USC §

1404.  Under 28 USC § 1404 the court has within its discretion the ability to transfer venue for the

convenience of parties and witnesses, and in the interest of justice.[51]  In order for a court to consider a

motion to transfer, pursuant to 28 USC 1404(A), they must perform a two part analysis.  The first prong of

the analysis is to determine whether the action to be transferred is one that "might have been brought" in

the district to which the movant seeks to have it transferred.  The second prong requires an analysis of

whether the convenience of parties and witnesses, and interest of justice favor transfer.

---

[48] 28 U.S.C. § 1441(a)
[49] 28 U.S.C. § 1446 (b)
[50] *Di Meglio v. Italia Crociere Internazionale*, 502 F. Supp. 316, 318  (S.D.N.Y. 1980)
[51] See 28 U.S.C. § 1404

Courts have interpreted whether an action "'might have been brought' in another forum to mean "if the transferee forum would have had personal jurisdiction over the defendants at the time the action was commenced and if venue properly lies there."[52]  Additionally, the Second Circuit has set forth factors which should be balanced when making a determination of convenience and fairness for a motion under 28 USC 1404(A).[53]  These factors include:

1. The locus of the operative facts;
2. The convenience of the witnesses;
3. The location of relevant documents and the relative ease of access to sources of proof;
4. The convenience of the parties;
5. The availability of process to compel attendance of unwilling witnesses;
6. The relative means of the parties;
7. Forum's familiarity with the governing law;
8. The weight accorded of Plaintiff's choice of forum; and
9. Trial efficiency in the interest of justice based on the totality of the circumstances.[54]

### 1. This action could have been brought in the district in which The Hartford seeks to have it transferred.

No other forum or venue is more appropriate in this matter than Ohio.  Therefore, if this Court finds dismissal is improper, The Hartford requests this action be transferred to the State of Ohio.  To reiterate, the first prong of the analysis is whether the action "might have been brought" in Ohio originally.  Here this means "if the transferee forum [of Ohio] would have had personal jurisdiction over the defendants at the time the action was commenced and if venue properly lies [in Ohio]" then it is proper to transfer the action to Ohio.  The claims alleged by myTriggers.com, Inc. stem from two alleged overheating incidents which occurred on January 19 and January 30, 2008 in Columbus, Ohio.  Plaintiff's allege the overheating incidents damaged their computer equipment thus coverage should be afforded under their policy of insurance with The Hartford.  All of the allegedly damaged computer equipment was located in Columbus,

---

[52] *Nabisco, Inc.v. Brach's Confections, Inc.*, 2000 U.S. Dist. LEXIS 16168 at *4 (S.D.N.Y. 2000).
[53] *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006).

14

Ohio on both of the dates of loss. Additionally, myTriggers.com, Inc.'s principle place of business is located in Ohio. Finally, The Hartford is subject to personal jurisdiction in the State of Ohio and is not a citizen of the State of Ohio. Therefore, this action should have been brought in Ohio, as it satisfied the requirements of the first prong of analysis.

### 2. The convenience of parties and witnesses, and interest of justice favor transfer to Ohio.

We again request this Court, should it not dismiss this case, transfer it to the Southern District of Ohio, Eastern Division. The second prong of the analysis seeks to weigh the convenience of the parties, witnesses and the interest of justice, as set forth by the Second Circuit.

While there are disputed facts relevant to this claim, the basic facts of these claims are not in dispute. First, at the time of the incidents which allegedly gave rise to this lawsuit myTriggers.com, Inc. maintained an office in Columbus, Ohio. Second, the Columbus, Ohio location housed myTriggers.com, Inc.'s computer equipment and personnel. Third, on January 19 and January 30, 2008 the facility, in Columbus, Ohio, which housed myTriggers.com, Inc.'s computer equipment allegedly had a cooling failure. As a result of the alleged cooling failure, myTriggers.com, Inc. is claiming the computer equipment housed in their Columbus, Ohio location was damaged. Finally, as a result of the claims submitted by myTriggers.com, Inc. an investigation ensued which included inspections and testing of their computer equipment located in Columbus, Ohio.

What is evident is the facts of this case have virtually no nexus to the State of New York or this District other than the location of myTriggers.com's Counsel. Based upon the foregoing, all operative facts and circumstances which have led to this lawsuit occurred in Columbus, Ohio.

Although it is early in this litigation and it is difficult to determine the exact witnesses which might be called if this case were to continue to trial, The Hartford believes a majority of the witnesses are located in Ohio. The basis for this claim is property damage to computer equipment owned by myTriggers.com,

---

[54] *Id.*

Inc. Consequently, it is anticipated a substantial portion of witnesses called will be related to the alleged damage to the computer equipment.

First, it is The Hartford's belief, Time Warner Telecom, had maintenance personnel working on the cooling capacity issue allegedly incurred by myTriggers.com, Inc. Furthermore, presumably these personnel would have witnessed not only alleged failures of the cooling equipment but also the condition of myTriggers.com, Inc.'s leased space at the time of the alleged losses. Although these individuals have not been identified, it is presumed they reside in Ohio as they worked in Columbus, Ohio.

Second, myTriggers.com, Inc. has proffered letters from Franklin Computers, specifically Mr. Jonathan Smallwood and Mr. Adam Holland.[55] Franklin Computers is located in Ohio and it is believed they would testify, on behalf of myTriggers.com, Inc., as to their findings in relation to their inspection and testing, if any, of myTriggers.com, Inc. computer equipment.[56]

Third, myTriggers.com, Inc. had computer personnel located in their Columbus, Ohio location. These individuals include Sean Temple, Robert Schafer and Ronnie Hart, among others.[57] Despite the fact some of the aforementioned individuals are not employed by myTriggers.com, Inc. all of these individuals are believed to still reside in the Columbus, Ohio area.[58] It is anticipated they would testify as to the alleged incidents of January 19 and January 30, 2008 and the impact on myTriggers.com, Inc.'s operations.

Finally, The Hartford has retained LWG Consulting to aide in their investigation of myTriggers.com, Inc's alleged losses. While other individuals have participated in the investigation of these claims, the main investigator is Mr. Mathew Scott of LWG Consulting. Mr. Scott performed all the testing and inspection of myTriggers.com, Inc's equipment, which was permitted by myTriggers.com. It is anticipated Mr. Scott

---

[55] See Luther Decl. Ex. D at p. 25 - 26
[56] See *Id*.
[57] See Luther Decl. Ex. D at p. 10
[58] See *Id*. at p. 27

16

would testify regarding his inspection and testing and findings therefrom.  Mr. Scott works in the Columbus, Ohio area.

All witnesses who have personal knowledge and were present at the time of these incidents reside in Ohio.  Additionally, myTriggers.com's own expert who evaluated their allegedly damaged equipment reside in Ohio.  Additionally, given the losses took place in Ohio it is presumed other individuals with pertinent information exist and they too would reside in Ohio.  As a result, for the convenience of these witnesses jurisdiction is proper in Ohio.

The initial inquiry regarding myTriggers.com, Inc.'s claims is whether myTriggers.com, Inc.'s computer equipment was, in fact, damaged as a result of the incidents of January 19, 2008 and January 30, 2008.  These alleged overheating incidents took place in Columbus, Ohio and the damage alleged was incurred to computer equipment located in Columbus, Ohio only.  Furthermore, the computer equipment includes over twenty two (22) servers as well as a multitude of other equipment.  Ultimately, one hundred percent (100%) of the sources of proof relating to the alleged physical damage to myTriggers.com, Inc's computer equipment, which is the basis for this claim, is located in Ohio.  As a result, this factor weighs in favor of Ohio.

myTriggers.com, Inc. is a Delaware corporation and according to their own complaint, the principle place of business is in Columbus, Ohio with no other office locations.[59]  Additionally, New York has minimal, if any, contacts or ties to any of the facts relevant to this claim.  Columbus is the location of a majority of the witnesses relevant to this claim, the location of the sources of proof of this claim, and the location of myTriggers.com, Inc.'s principle place of business.  Based upon the aforementioned, Ohio is a more convenient location for the parties, including myTriggers.com, Inc., and trying the case in Ohio would not disadvantage either party.

---

[59]See Luther Decl. Ex. H at ¶ 28; See also Luther Decl. Ex. J which evidences if myTriggers.com has closed their California location, as alleged in their complaint, then myTriggers.com has only one location in Columbus, Ohio.

At this point in time, The Hartford is not aware of any non-party witness who is a resident of New York. As a result, consideration of this factor under these circumstances is moot.

The Hartford is a corporation incorporated in the State of Indiana with its principle place of business in Connecticut. Additionally, myTriggers.com, Inc. is a corporation incorporated in Delaware with its principle place of business in Columbus, Ohio. Generally, the relative means of the parties are entitled to little weight where both are corporations.[60] This is the case here. Additionally, since myTriggers.com's only office location is in Columbus, Ohio presumably their resources are located within Ohio. As such, it would benefit myTriggers.com, Inc. for venue to exist in the Southern District of Ohio, Eastern Division.

The Hartford believes there is no question Ohio law applies to this case. This stance is based upon the fact that the loss, the location of the evidence, the location of the witnesses to the loss, and the address of the named insured on the policy of insurance points to nowhere but Ohio. Nonetheless, myTriggers.com claims California law should apply. Since the McCarran-Ferguson Act precludes application of a federal statute to the regulation of insurance and neither party is alleging federal law applies, it is undisputed that federal law does not apply.[61] As a result, a transfer to an Ohio court, where Ohio law may and should be found to apply, would allow the court to apply its own law. Additionally, the transfer to an Ohio court, even if it is found that California law applies, puts myTriggers.com in no less of a disadvantage. In either event, a court, not familiar with California law may be required to apply it to the current circumstances.

"While a plaintiff's choice of forum is generally given substantial weight, the weight given to a plaintiff's choice is substantially diminished when the plaintiff has chosen a forum that is neither its home nor the place where the operative facts of the action occurred."[62] In the present case, all operative facts relative to this claim are located in Columbus, Ohio. Ohio is the location of the loss, the location of the

---

[60] *Student Advantage, Inc. v. International Student Exchange Cards, Inc.*, 2000 U.S. Dist. LEXIS 13138 at *23 (S.D.N.Y. 2000).
[61] See *Department of Treasury v. Fabe*, 508 U.S. 491, 501 (1993).

equipment which is the subject of the loss, and the location of the computer staff which dealt with the alleged losses and reconfiguration. Additionally, myTriggers.com, Inc.'s principle place of business is located in Columbus, Ohio. Therefore, while myTriggers.com, Inc. chose New York Federal Court, presumably for reasons other than the convenience of the parties and witnesses, there is neither a connection to the operative facts nor is New York myTriggers.com, Inc.'s home.

Ultimately, this case involves the interpretation and application of an insurance contract issued by The Hartford to myTriggers.com. Additionally, the application of the insurance contract involves facts and circumstances which occurred in the State of Ohio. Furthermore, the relevant evidence is located in the State of Ohio. As a result, the totality of the circumstances evidence Ohio to be a more amenable venue to hear this action.

In a similar case, *Royal Ins. Co. of Am. v. Tower Records, Inc.*, 2002 U.S. Dist. LEXIS 20109, the district court for the Southern District of New York transferred venue to California based upon 28 USC 1404(a). In that case, the defendant, an insured, claimed that transfer to the Eastern District of California was necessary because that judicial district was substantially more convenient for the parties and witnesses, and a transfer to that district would be in the interests of justice. The plaintiff, an insurer, claimed that the insured failed to meet the burden of demonstrating that the balance of convenience to the parties and the interest of justice weighed in favor of a transfer. The court initially held that the action could have been commenced in the Eastern District of California. The court then held that, while several of the relevant considerations were neutral regarding the question of transfer, there were several factors which favored transfer, and no significant factors which favored retention. The court found that the basis of the case was the interpretation and application of the parties' contract. Furthermore, the insured demonstrated that the proposed transfer would promote convenience and fairness because neither the insurer nor the insured

---

[62] *Reeder v. Yamaha Motor Corp.*, 1992 U.S. Dist. LEXIS 18263 at *11 (S.D.N.Y. 1992).

resided in New York, and the locus of operative facts was in California. As such, the court transferred the case to California.

Based upon the foregoing, and consistent with *Royal Insurance,* The Hartford requests this court transfer this case to the Southern District of Ohio, Eastern Division, if dismissal is inappropriate, for further adjudication for the convenience of the parties, convenience of the witnesses and in the interest of justice.

**IV.    CONCLUSION:**

Based upon the foregoing, The Hartford requests this Court dismiss myTriggers.com's complaint on the basis of abstention and/or myTriggers.com's failure to properly plead these claims as counter claims in the Franklin County Court of Common Pleas.    In the alternative, if this court finds dismissal is inappropriate, The Hartford would request this court transfer this case to the Southern District of Ohio, Eastern Division pursuant to 28 USC § 1404.

Respectfully submitted,

Dana R. Luther, Esq. (DL1833)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
600 Vine Street, Suite 2600
Cincinnati, Ohio  45202
(513) 579-0080
(513) 579-0222 - Fax
dluther@smithrolfes.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on November ⎽⎽11th⎽⎽, 2008, a copy of the Memorandum of Law in Support of Defendant's Motion to Dismiss or in the Alternative to Transfer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mark F. Bruckmann Esq.
BRUCKMANN & VICTORY, LLP
420 Lexington Avenue, Suite 1621
New York, New York  10170
(212) 850-8501
(212) 850-8505 fax
bruckmann@bvlaw.net

Dana R. Luther, Esq.

20