USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
MYTRIGGERS.COM, INC                 :     08 Civ. 8850 (LAP)
                                    :
                 Plaintiff,         :     ORDER
                                    :
        against                     :
                                    :
HARTFORD CASUALTY INSURANCE CO.,    :
                                    :
                 Defendant.         :
------------------------------------X

LORETTA A. PRESKA, United States District Judge:

   Following a conference with the parties on February 9, 2009, and having reviewed their recent letters concerning the scope of issues for appraisal as opposed to resolution by the Court, I find that appraisal at this time would be premature. The parties agree that the Court, rather than appraisers, must determine (1) whether Plaintiff's equipment was physically damaged, (2) if so, whether any policy exclusions apply, (3) whether Plaintiff complied with the conditions of coverage, (4) whether mitigation costs and extra expenses incurred by Plaintiff were covered by the policy, and (5) the length of insurance coverage for any lost business income. The parties also agree that appraisers can assess (1) the replacement costs of any damaged equipment or components thereof and (2) whether

Plaintiff's mitigation costs and extra expenditures were reasonable.

The crux of the parties' dispute is whether the Plaintiff's alleged loss of business income is subject to appraisal or judicial resolution. The cases cited by both parties clarify that appraisers may not address issues of coverage.[1] See e.g., Kacha v. Allstate Insurance Co., 45 Cal. Rptr. 3d 92, 98 (Cal. Ct. App. 2006). Plaintiff's business interruption claim presents such issues. Even assuming there was covered damage to Plaintiff's equipment, the policy extends only to loss of business income arising from such damage. Here, Defendant asserts that other factors, such as depressed market conditions and increased advertising costs, were the real cause of Plaintiff's lost revenues. Because the policy covers only business income losses resulting from physical damage to the covered equipment, this causation dispute is fundamentally a coverage question for the Court to decide. See e.g. Turnstone Consulting Corp. v. U.S. Fidelity and Guaranty, No. C 07-01216 SI, 2007 W.L. 1430033, at *4 (N.D. Cal. May 15, 2007) (denying motion to compel appraisal of business income claim because appraisal panel lacked authority to

---

[1] Although the parties' letters cite cases from various jurisdictions, Plaintiff asserts in paragraph 29 of its Complaint that California law applies to its claims.

determine "whether plaintiff's alleged business interruption was 'caused' by the 'covered cause.'")

It thus appears that the vast majority of currently disputed issues must be resolved by the Court. Also, because the parties have indicated that they will likely agree upon the valuation of items, other than the business interruption claim, that they have identified as appropriate for appraisal, I see no reason to initiate appraisal before the coverage issues are decided.

SO ORDERED:

Dated:   New York, New York
         February 18, 2009

_____
LORETTA A. PRESKA, U.S.D.J.